JS-6, O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLER BISHIL,<br><br>                Plaintiff,<br><br>    v.<br><br>LBF TRAVEL INC., et al.,<br><br>                Defendants. | Case No.: 2:22-cv-06059-MEMF-ASx<br><br>**ORDER GRANTING MOTION TO REMAND [ECF NO. 9]** |

       Before the Court is the Motion to Remand filed by Plaintiff Skyler Bishil. ECF No. 9. For the reasons stated herein, the Court hereby GRANTS the Motion to Remand. The Court deems this matter appropriate for resolution without oral argument and vacates the hearing set for December 1, 2022. *See also* C.D. Cal. L.R. 7-15.

/ / /

/ / /

1

## I. Background

### A. Factual Background[1]

Defendants LBF Travel, Inc. ("LBF Travel"), LBF Travel Management Corp. ("LBF Travel Management"), and Mondee, Inc. ("Mondee") (collectively referred to as "Defendants") do business as SmartFares, a travel reservation service. Compl. ¶¶ 1, 4. On November 1, 2021, Plaintiff Skyler Bishil ("Bishil") called SmartFares and booked airline tickets for himself and a companion to Mexico City. *Id.* ¶ 8. Later that day, Bishil's companion received a confirmation email for their reservation. *Id.* ¶ 9. On November 2, 2021, however, Bishil received an email noting that his flight reservation could not be confirmed. *Id.* ¶ 10. That day, SmartFares charged Bishil's Visa Debit Card $884.57. *Id.* ¶ 11. Bishil contacted SmartFares's customer service by telephone within SmartFare's 24-hour cancellation period and requested a cancellation of his reservation and a refund for the reservation that SmartFares was unable to confirm. *Id.* ¶ 12. A SmartFares representative informed Bishil that a full refund would be issued within fifteen business days. *Id.* However, Bishil did not receive any refund within fifteen business days. *Id.* Bishil has made further attempts to obtain a refund and was again told that he would receive a refund within fifteen business days but has not yet done so. *Id.* ¶ 13.

### B. Procedural History

On June 21, 2021, Bishil filed a complaint against Defendants, alleging: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*; (2) violation of unfair competition law, CAL. BUS. & PROF. CODE § 17200, *et seq.*; (3) violation of false advertising law, CAL. BUS. & PROF. CODE § 17500, *et seq.*; (4) violation of Consumer Legal Remedies Act, CAL. CIV. CODE § 1770(a)(3)(5)(9); and (5) unjust enrichment. *See generally* Compl. On June 22, 2022, LBF Travel and Mondee were served via personal service. ECF Nos. 1-12, 1-16. That same day, service of the summons and complaint was originally attempted on LBF Travel Management by process server but was unsuccessful. ECF No. 9-1 ("Stevens Decl.") ¶ 9.

---

[1] Unless otherwise indicated, the following factual background is derived from the Complaint. Complaint, ECF No. 1-1 ("Compl.").

On July 6, 2022, Timothy K. Branson, counsel for Defendants, informed counsel for Bishil that he had been retained to represent LBF Travel in this matter. *Id.* ¶ 10. On July 12, 2022, Branson informed counsel for Bishil that he had been retained to represent LBF Travel *and* LBF Travel Management but that whether he would also represent Mondee was still to be decided. *Id.* ¶ 12. On July 13, 2022, Bishil mailed and emailed a Notice and Acknowledgment of Receipt of Summons and Complaint for LBF Travel Management to Branson and requested he execute and return the Notice and Acknowledgment. *Id.* ¶ 13. On July 14, 2022, Bishil again attempted to personally serve LBF Travel Management by process server. *Id.* ¶ 14. On July 15, 2022, he received a proof of service on LBF Travel Management, which noted that it had been served to "Michael H. Thomas—person authorized to accept service of process," via substituted service to "Linda Taylor – Agent – Person in Charge of Office" on July 14, 2022. *Id.* ¶ 15. The service of the summons and complaint were served at LBF Travel Management's registered "Principal Address" in San Diego, CA. *Id.* Also on July 15, 2022, Bishil mailed copies of the summons and complaint to Michael H. Thomas. *Id.* On July 18, 2022, Bishil filed and served the proof of service on LBF Travel management. *Id.* ¶ 16.

On August 5, 2022, Branson returned the Notice and Acknowledgment of Receipt of Summons and Complaint, with an executed date of August 2, 2022. *Id.* ¶ 19. Branson added LBF Travel and Mondee to the Notice and Acknowledgment. *Id.*

On August 26, 2022, LBF Travel Management removed this case to federal court. ECF No. 1. On September 8, 2022, Bishil filed the instant Motion to Remand. ECF No. 9 ("Motion" or "Mot."). The Motion was fully briefed on September 22, 2022. ECF Nos. 10 ("Opp'n"), 11 ("Reply"). On December 1, 2022, the Court held oral argument on this matter.

**II.** **Applicable Law**

    A. Motion to Remand

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Civil actions may be removed from state court if the federal court has original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove an action pursuant to that provision, . . . original subject-matter jurisdiction must lie in the federal

courts." (cleaned up)). Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). The time to remove is not triggered until the effective date of legally valid service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). The Ninth Circuit has recognized this statutory removal deadline as "imperative and mandatory, must be strictly complied with, and is to be narrowly construed." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975).

### B. Service of Process

The Federal Rules allow for service of process by "following state law for serving a summons . . . in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Under California law, a corporation may be served by delivering a copy of the summons and the complaint to, among others, the person designated as agent for service of process. CAL. CIV. PROC. CODE § 416.10(a). However, the California Code of Civil Procedure authorizes substitute service of process in lieu of personal delivery. *Hearn v. Howard*, 99 Cal. Rptr. 3d 642, 650 (Ct. App. 2009) (quoting *Ellard v. Conway*, 114 Cal. Rptr. 2d 399 (Ct. App. 2001)). "Statutes governing substitute service shall be 'liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant.'" *Id.* California Code of Civil Procedure § 415.20 governs substituted service. This section provides:

> **In lieu of personal delivery of a copy of the summons and complaint to the person to be served** as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, **a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office** or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, **with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left**.

CAL. CIV. PROC. CODE § 415.20(a). If a defendant is served by substitute service, "[s]ervice of a summons in this manner is deemed complete on the 10th day after the mailing." *Id.*

/ / /

/ / /

### III. Discussion

Bishil requests that the Court grant his Motion to Remand because LBF's removal was untimely, as service on LBF Management was effective as of July 15, 2022, and the deadline to remove—August 24, 2022—lapsed before LBF Management filed for removal. Mot. at 4–6. LBF Management contends the Court should deny the Motion to Remand because: (1) Bishil's attempted substitute service was defective; and (2) LBF Management's removal was timely. Opp'n at 2–5.

#### A. Bishil's attempted substitute service was proper.

Bishil argues that service on LBF Management was effective as of July 15, 2022, through service to Michael H. Thomas, the person authorized to accept service of process, via substituted service to Linda Taylor ("Taylor"), the person in charge of the office that day. Mot. at 4–5. Defendants argue that Bishil's attempted substitute service was defective because Bishil provided no evidence of diligent attempts of personal service prior to substituted service in his motion. Opp'n at 5.

As an initial matter, both parties appear to agree that Thomas was the person authorized to accept service of process on behalf of LBF Management. According to Bishil, he effected substitute service via Taylor, the individual in charge of the office that day, during usual office hours at Thomas's office. The next day, Bishil mailed copies of the summons and complaint to Thomas. As a result, Bishil's attempted substitute service appears to be proper and in compliance with CAL. CIV. PROC. CODE § 415.20(a). Contrary to LBF Management's insistence that failure to demonstrate "reasonable diligence" in attempting personal service prior to substitute service renders Bishil's service defective, no such requirement exists for effecting service on corporate entities.

Although CAL. CIV. PROC. CODE § 415.20(b) allows for substituted service "[i]f a copy of the summons and complaint cannot with *reasonable diligence* be personally delivered to the person to be served," this provision is limited only to individual defendants who are natural persons. CAL. CIV. PROC. CODE § 415.20(b) (citing CAL. CIV. PROC. CODE §§ 416.60 (minors), 416.70 (wards and conservatees), 416.80 (political candidates), 416.90 (persons not otherwise specified)). Indeed, the California Court of Appeal has distinguished Section 415.20(b) from 415.20(a), explicitly noting

that subdivision (a) is "applicable to corporations and . . . does *not* require due diligence." *Earl W. Schott, Inc. v. Kalar*, 24 Cal. Rptr. 2d 580, 581 (Ct. App. 1993).

The Court therefore finds that substituted service on LBF Management under CAL. CIV. PROC. CODE § 415.20 was proper and effective as of July 15, 2022.[2]

### B.  LBF Management's removal was untimely.

As discussed previously, substitute service of a summons is deemed complete on the *tenth day* after the plaintiff mails a copy of the summons and complaint, by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. CAL. CIV. PROC. CODE § 415.20. A case must then be removed within thirty days of the date service is completed. 28 U.S.C. § 1446(b). Here, Bishil mailed a copy of the summons and complaint to Thomas, the person to be served, at his office on July 15, 2022. As a result, service was deemed complete on July 25, 2022. LBF Management's deadline to remove the case was therefore August 24, 2022—thirty days after service was deemed complete. However, LBF Management waited until August 26, 2022, to remove the case—missing the deadline by two days. As a result, the Court finds that LBF Management's removal was untimely. Because the statutory removal deadline is "imperative and mandatory, must be strictly complied with, and is to be narrowly construed," *Gunn*, 511 F.2d at 1026, the Court hereby GRANTS the Motion to Remand.

### IV.   Conclusion

For the foregoing reasons, the Court hereby GRANTS the Motion to Remand.

IT IS SO ORDERED.

Dated: November 28, 2022

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[2] Because the Court finds that Bishil's substitute service was effective, the Court need not consider LBF Management's additional arguments that Bishil made several attempts to personally serve LBF Management prior to substitute service, that LBF Management had constructive notice of the action 65 days before removal, or that the matter qualifies for the local controversy and homestate exception. Mot. at 6–8.